Faye Neer and Pearl Neer, Trading as The Home Oil Company, Appellant, v. Emma Coats et al., Appellees.

Gen. No. 8,594.

term, 1931. Heard in this court at the October term, 1931. Opinion filed February 1, 1932.

HARRY J. BUXBAUM, for appellant.

JOHN J. ARNEY, S. M. SCHOLFIELD, HARRY PARTLOW and C. M. PURDUNN, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Faye Neer and Pearl Neer, doing business under the firm name of The Home Oil Company, filed their bill of complaint praying for an injunction against Emma Coats from purchasing gasoline and oil from one Middleton and to restrain said Middleton from selling and delivering to said Emma Coats gasoline and oil in violation of a written contract entered into by Emma Coats and The Home Oil Company executed June 6, 1931. The contract provides that in consideration of the covenants and agreements of The Home Oil Company, party of the second part, thereinafter set forth, Emma Coats, party of the first part, agrees that said party of the second part shall be the sole and only source of supply for gasoline, kerosene, lubricants and petroleum products sold through her place of business on certain premises situated in Clark county for the period of June 6, 1931 to June 6, 1932. The first party covenants that during the term of said lease she will pay certain taxes to be levied or assessed against said premises for property owned by her located thereon and will also pay all license fees and other taxes, impositions and charges levied against or imposed upon the business conducted upon the demised premises or the equipment located thereon and shall also furnish without expense to the second party heat for the demised premises and will pay for all electricity consumed thereon; that first party agrees that at the expiration of the lease said second party shall have and is given the right at any time within 30 days thereafter to enter upon and remove from said premises

any equipment by it at any time placed thereon; that second party agrees to sell and deliver by and through its tank wagons or trucks, and the first party agrees to purchase and receive, said products at her place of business and agrees to pay for the same at the prevailing tank wagon market of the seller at Casey, Illinois on the date of delivery. The contract provides for certain discounts on the products purchased and the brand of the products delivered. The contract then provides that second party agrees to furnish the following equipment: two 10-gallon visible pumps, two underground tanks, one kerosene outfit, oil drums and pumps as needed; that second party agrees to pay first party as rent the sum of 1 to 1½¢ per gallon for this gasoline sold under the contract and that first party leases to second party all of the premises together with all equipment located on or connected with the property for the period from June 6, 1931 to June 6, 1932, said rent being payable monthly within 10 days after the expiration of each month; that first party expressly covenants and warrants that she has not leased the above described premises to any other person or oil company for any part of the term covered by the lease and that no assignment by the first party shall be valid without the written consent of the second party. The contract then concludes with the following clause: "This contract shall not be in force until approved by an officer of the company at its home office at Robinson, Illinois." The contract is signed "Home Oil Co. Albert F. Neer, Mrs. C. W. Coats."

The bill alleges that the defendant Thomas Coats is a stepson of Emma Coats and is employed by her to have charge of said gasoline pumps and building and to sell gasoline therefrom and also kerosene, lubricants and other petroleum products distributed from said premises, and that he was so acting on June 6,

1931 and is still acting in that capacity at said place vending and selling said products for the said Emma Coats; that complainants on June 6, 1931, and for a long time prior thereto were in possession of certain metal and visible gasoline pumps which were situated just south of said building on Lot No. 5, Block 11, Original Town of Cumberland which premises then were and now are owned by said Emma Coats; that complainants had on the 6th day of June, 1931, and still have a written lease for the use of said pumps with full right from the Lincoln Oil Refining Co. to use the same or sublet the use of the same to the same to the said Emma Coats; that on June 6, 1931, or shortly thereafter said Middleton and said Thomas Coats in confederation falsely induced Emma Coats to enter into a lease or other contract the nature, extent or quality of which is unknown, leasing the aforesaid premises, pumps and other equipment to said Middleton operating as The Middleton Oil Co.; and that said Emma Coats in violation of her said contract and lease with complainants to furnish and supply to the said Emma Coats all of her gasoline, kerosene, lubricants and other petroleum products to be sold and distributed from said premises, and said Middleton under the firm name of Middleton Oil Company has continued to furnish and supply the said Emma Coats at the place aforesaid all the gasoline, kerosene, lubricants and other petroleum products used, sold or delivered in the aforesaid place in violation of complainant's said contract and lease. The defendants to the bill filed a joint and several answer in which they admit the contract as set out in the bill but deny that it is a valid and subsisting contract between the parties on the ground that Emma Coats was led to sign it only upon the condition that her stepson would join in the contract. They deny that Thomas A. Coats is a clerk of Emma Coats but aver that he has a lease

on the premises which was in existence on or before June 6 and is still a valid and binding lease.

Faye Neer, one of the complainants, testified in regard to the execution of the contract or lease and offered the same in evidence. To the introduction of the contract or lease the defendants objected on the ground that it hadn't been approved by the home office at Robinson, Illinois. The court sustained the objection and refused to admit the contract or lease in evidence. Thereupon counsel for the defendants moved that the bill be dismissed for want of equity which motion the court sustained and dismissed the bill.

In this the court was clearly in error. The evidence shows that the contract was made out on a printed form and was evidently one in use by some other concern as the complainants were partners and had no officers and did not have a home office at Robinson, Illinois, and this clause should have been stricken out before the contract was executed. However that may be, if this clause is to be considered a part of the contract, it is wholly for the benefit of the complainants and could be waived or ratified at their pleasure and could not be taken advantage of by the defendants to the bill. The decree of the court dismissing the bill is reversed and the cause remanded with directions to hear the proofs and enter a decree in conformity therewith.

*Reversed and remanded with directions.*